IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK SCHREINER,

        Plaintiff,

v.

CHAD HODGE, DANNY SMITH, and
CITY OF MISSION, KANSAS,

        Defendants.

Case No. 2:15-CV-09138-DDC-TJJ

**MEMORANDUM AND ORDER**

This case comes before the Court on plaintiff's Motion for Remand to State Court (Doc. 8).

**I.    Background**

Plaintiff Mark Schreiner, who is proceeding *pro se*, originally filed this suit against defendants in the District Court of Johnson County, Kansas on June 3, 2015 (Doc. 1–1). He alleged violations of his right to protection against unreasonable searches and seizures, relying on both the Kansas and United States Constitutions. Doc. 1–1 at 3. He also asserted a state law claim for false imprisonment. *Id.* Defendants removed this action to our court on June 24, 2015 under 28 U.S.C. §§ 1441, 1443, asserting that the case presents a federal question—a civil rights violation under 42 U.S.C. §1983. Doc. 1 at 1–2. Seventeen days later, plaintiff filed his First Amended Complaint (Doc. 15) and his Motion for Remand to State Court (Doc. 8).[1] Defendants

---

[1] Plaintiff filed a Motion to Amend Complaint (Doc. 9) on July 10, 2015, including his First Amended Complaint as pages five through nine of that motion. Because plaintiff was allowed to file his Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a), Judge James directed the Clerk of the Court to file plaintiff's First Amended Complaint electronically. The Clerk entered the First Amended Complaint on the docket as Document 15 on July 15, 2015, but the Court treats July 10, 2015—the date plaintiff submitted the First Amended Complaint to the Court—as its filing date.

have filed a Response (Doc. 14) to the remand motion and moved for costs.  And, plaintiff has filed a Reply (Doc. 16).  For reasons explained below, the Court grants plaintiff's motion to remand and denies defendants' requests for costs.

**II.   Analysis**

Generally, a federal court must remand an action to state court if removal was improper. Plaintiff does not argue here that removal was improper.  But, the Court nevertheless addresses the merits of defendants' removal because it bears on the remand analysis and defendants' request for costs under 28 U.S.C. § 1447(c).  Thus, the Court first analyzes defendants' removal to federal court, and then considers the remand motion and defendants' request for costs.

**A.  Law Governing Removal**

A defendant may remove a civil action from state to federal court when the action is within the original jurisdiction of the federal courts.  28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013).

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases "arising under" the Constitution and laws of the United States, regardless of the amount in controversy (federal question jurisdiction).  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers*

2

*Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).  Under 28 U.S.C. § 1332, federal courts also have original jurisdiction over civil actions where diversity of citizenship exists.  To invoke this diversity jurisdiction properly, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.  *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

Plaintiff filed his original Complaint in state court on June 3, 2015.  Defendants filed the Notice of Removal on June 24, 2015, and plaintiff filed his First Amended Complaint with this Court on July 10, 2015.  Because the Notice of Removal preceded the First Amended Complaint, the Court evaluates plaintiff's original Complaint—not his First Amended Complaint—to determine whether defendants' properly removed the case to federal court.

### B. Defendants properly removed the case because this Court had federal question and diversity jurisdiction.

The removing defendants bear the burden to demonstrate that the Court had jurisdiction and thus properly removed the action.  *Dutcher*, 733 F.3d at 985; *Ruiz v. Farmers Ins. Co.*, 757 F. Supp. 1196, 1197 (D. Kan. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  Here, defendants timely and properly removed this case.  Under 28 U.S.C. § 1446(b), defendants had 30 days to remove the case to federal court after plaintiff served them with the state court petition.  Defendants filed their removal notice within the requisite 30 days.  *See* Doc. 1 at 3, Doc. 1–1 at 1.  And, under plaintiff's original Complaint, this Court had both federal question and diversity jurisdiction.

First, plaintiff's Complaint created federal question jurisdiction by alleging causes of action arising under federal law.  Plaintiff alleged, among other things, that defendants had violated his Fourth Amendment rights.  *See* Doc. 1–1 at 3.  Because plaintiff cites the United

States Constitution in his Complaint, the Court liberally construes[2] those claims to assert a claim under 42 U.S.C. § 1983, which provides a federal cause of action for depriving "rights, privileges or immunities secured by the Constitution and laws" of the United States. *See Brull v. Kan. Soc. & Rehab. Servs.*, No. 09-3188-SAC, 2010 WL 3829481, at *1 (D. Kan. Sept. 22, 2010). Federal law created the cause of action under §1983 and requires the Court to resolve questions of federal constitutional law. Federal question jurisdiction thus existed when defendants removed the case.

Next, plaintiff's Complaint alleged state law claims, including ones for false imprisonment and violations of the Kansas Constitution. *See* Doc. 1–1 at 3. These claims do not present federal questions, but a federal court possessing federal question jurisdiction over a case may exercise supplemental jurisdiction over state law claims that derive from the same "common nucleus of operative fact" as the federal claims asserted in the action. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367. Plaintiff's state law claims here arise from the same nucleus of operative facts as his federal claims—defendants' conduct during an allegedly illegal detention of plaintiff. The Court thus could exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

Diversity jurisdiction also existed when defendants removed the case because plaintiff and defendants were completely diverse and the amount in controversy exceeded $75,000. Complete diversity exists when no plaintiff has the same state residency as even a single defendant. *Dutcher*, 733 F.3d at 987. Here, plaintiff is a resident of Missouri and all defendants are residents of Kansas. Doc. 1–1 at 1. And, plaintiff sought damages of $100,000 in the

---

[2] When the Court considers a *pro se* litigant's pleadings, it construes them liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

original Complaint. *Id.* at 4. Thus, defendants could have removed the case under 28 U.S.C. § 1441(a) even if the Complaint presented no federal question.

### C. Law Governing Remand

When a plaintiff seeks remand to state court, the removing defendants bear the burden to demonstrate that removal was proper by establishing that the federal court had jurisdiction. *Dutcher*, 733 F.3d. at 985; *Ruiz*, 757 F. Supp. at 1197 (citing *McNutt*, 298 U.S. at 189). As discussed above, defendants have carried this burden. But plaintiff argues subject matter jurisdiction has since dissolved. He argues that the Court no longer has subject matter jurisdiction because he amended his Complaint, and his First Amended Complaint no longer provides any basis for subject matter jurisdiction. Doc. 8 at 1–2. Because the First Amended Complaint asserts only state law claims and removes diversity jurisdiction by reducing damages to $75,000, he argues that the Court must remand for lack of jurisdiction. *Id.* Defendants agree that remand is appropriate. Doc. 14 at 3. But, contrary to plaintiff's contention, this Court still has jurisdiction.

Title 28 U.S.C. § 1447(c) requires a federal district court to remand an action removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c); *see also L.H. Energy, Inc. v. Kan. Gas Serv. Co.*, No. 02-4074-JAR, 2002 WL 31477708, at *1 (D. Kan. Nov. 1, 2002) (noting that the court is required to remand where it lacks subject matter jurisdiction). But, "in ruling on a motion to remand, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Ruiz*, 757 F. Supp. at 1197 (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. denied*, 484 U.S. 1021 (1988)). And, if federal question jurisdiction existed at the moment of removal, a federal district court "has

discretion to exercise supplemental jurisdiction over state law claims which are part of the same case or controversy as federal claims which have been dismissed." *Howard v. Burlington Coat Factory, LLC*, No. 07-2100-KHV, 2007 WL 2746784, at *3 (D. Kan. Sept. 20, 2007) (first citing 28 U.S.C. § 1367(a) and (c); and then citing *New Mexico v. Gen. Elec. Co.*, 467 F.3d 1223, 1242 n.29 (10th Cir. 2006)). Section 1447(c) thus does not require the Court to remand this case because the Court retains discretion to exercise supplemental jurisdiction over the state law claims. *See id.* at *3 n.2; *see also Colorado Civil Rights Comm'n v. 1950 Logan Condos Condo. Ass'n*, No. 13-cv-02583-PAB-MJW, 2013 WL 6858821, at *1 (D. Colo. Dec. 30, 2013) (stating "when all federal claims giving rise to jurisdiction pursuant to § 1331 are dismissed, the [d]istrict [c]ourt retains its statutory supplemental jurisdiction over the state-law claims" (internal quotations and citations omitted)). Subject matter jurisdiction, therefore, still exists. And the Court cannot remand the case on the theory that it lacks subject matter jurisdiction. It can remand such a case, however, because it is free to exercise "the Court's discretionary choice not to hear the claims despite its subject-matter jurisdiction over them." *Colorado Civil Rights Comm'n*, 2013 WL 6858821, at *1 (citations and quotations omitted).

Where supplemental jurisdiction exists and only state law claims remain, district courts often dismiss the state law claims without prejudice. *Howard*, 2007 WL 2746784, at *3 (citing *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002)). If such a case was properly removed to federal court, a federal district court also has discretion to remand the case to state court. *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). "The Supreme Court [has] noted that in such cases, remand instead of dismissal will often best promote values of economy, convenience, fairness[,] and comity. *Id.* (citing *Carnegie-Mellon Univ.*, 484 U.S. at 353). And the Tenth Circuit has stated that "[w]hen all federal claims have been dismissed, the

court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).

### D. Exercising its discretion, the Court remands this case to state court.

Plaintiff's First Amended Complaint removes all claims under 42 U.S.C. § 1983, asserts additional state law claims against defendants, and reduces the amount of damages requested to $75,000. Doc. 15 at 2–3. The damages requested by the First Amended Complaint do not exceed $75,000, which is the statutory threshold for diversity jurisdiction. And the First Amended Complaint alleges no causes of action arising under federal law, a statutory requirement to establish federal question jurisdiction. But, as discussed above, the Court's jurisdiction is determined at the time of removal. *See Ruiz*, 757 F. Supp. at 1197. "'[W]here a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship . . . or a reduction in the amount of controversy.'" *Casias v. Distrib. Mgmt. Corp., Inc.*, No. 1:11-CV-00874 MV/RHS, 2012 WL 4511364, at *3 (D.N.M. Sept. 26, 2012) (quoting 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3723 (4th ed. 2008)). And the Court retains supplemental jurisdiction over the state law claims even though the federal question was eliminated after proper removal. *See Howard*, 2007 WL 2746784, at *3.

The Court, in its discretion, declines to exercise its supplemental jurisdiction here. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Tal v. Hogan*, 453 F.3d 1244, 1270–71 (10th Cir. 2006) (holding that "the court was not required to consider either the merits or the procedural issues attendant to the state law claims" where the district court properly dismissed all of the federal law claims and only

state law claims remained), *cert. denied*, 549 U.S. 1209 (2007).  And, where pretrial proceedings and discovery have not proceeded, "considerations of judicial economy, convenience, and fairness do not favor retaining jurisdiction." *Tonkovich v. Kan. Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001) (internal quotations and citations omitted).

Here, Fed. R. Civ. P. 15(a) allowed plaintiff to amend his Complaint as a matter of course because no defendants had filed responsive pleadings or Rule 12(b), (e), or (f) motions yet.  The First Amended Complaint dismissed all claims over which this Court had original jurisdiction.  And no pretrial proceedings or discovery have yet taken place.  The Court thus exercises its discretion and declines to assert supplemental jurisdiction over the state law claims.  The case is remanded to the District Court of Johnson County, Kansas.

### E.  Defendants' Request for Costs

Defendants' request for costs is an unusual one.  Typically, non-removing parties invoke § 1447(c), claiming that the removing party lacked "an objectively reasonable basis" for having removed the case.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005).  Here, it is the removing party who seeks costs against the non-removing party.

However unusual it is, nothing in the text of § 1447(c) precludes such a request, i.e., "[a]n order remanding the case may require payment of just costs . . . ."  Defendants' point is they incurred a $400 filing fee when they removed a properly removable case to this court, and, after that, plaintiff withdrew the claims that made the case removable.  Defendants contend that plaintiff should have to pay the fare for having revised his allegations so that he can return to the forum he originally chose.

While the logic of this argument is evident, and somewhat appealing, the Court, in its discretion, declines to impose costs on plaintiff.  This situation does not fit the primary purpose

of the costs provision in § 1447.  *See Bradley v. Gary Hardy Dodge, Inc.*, No. 00-4065-DES, 2000 WL 1092088, at *1 (D. Kan. Aug. 1, 2000) ("This statute is primarily designed to allow a [non-removing party] to recoup the expenses of seeking remand when a [removing party] improperly removes a case.").  The Court declines to stretch the statute's purpose so that it will fit the unusual situation presented here.  Plaintiff acted promptly after removal and cases such as *Tal* and *Tonkovich* must have alerted defendants to the possibility of a revised Complaint and an ensuing remand.  Given these circumstances, the Court declines to shift the burden of the filing fee onto a *pro se* plaintiff.

### III. Conclusion

The Court grants plaintiff's motion to remand and denies defendants' request for costs.  Defendant City of Mission, Kansas also filed a Motion to Dismiss for Failure to State a Claim (Doc. 12) and Memorandum in Support (Doc. 13) on July 24, 2015.  Upon plaintiff's Motion to Stay Proceedings (Doc. 19), this Court stayed the case (Doc. 20) pending its decision on the motion to remand.  The Court expresses no opinion on this motion to dismiss, which is denied as moot because the Court is remanding the action to the District Court of Johnson County, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Remand to State Court (Doc. 8) is granted.

**IT IS FURTHER ORDERED THAT** defendants' request for costs, which was included in the Response, is denied.

**IT IS FURTHER ORDERED THAT** this action is remanded to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED THAT** defendant City of Mission, Kansas's Motion to Dismiss for Failure to State a Claim (Doc. 12) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 25th day of November, 2015, at Topeka, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**